IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. [UNDER SEAL], | ) ) ) | CIVIL ACTION No. 20-232 |
| Plaintiff, | ) ) ) | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |
| vs. | ) ) | |
| [UNDER SEAL], | ) ) | |
| Defendants. | ) | |

# UNDER SEAL

# DO NOT PUT ON PACER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.*, INTERNATIONAL BROTHERHOOD )<br>OF ELECTRICAL WORKERS, )<br>LOCAL UNION NO. 126, )<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　v. )<br>　　　　　　　　　　　　　　　　　　　 )<br>JOSEPH B. FAY CO., )<br>GLENN O. HAWBAKER, INC., and )<br>DIXON ELECTRIC, INC. )<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　　　Defendants. ) | Civil Action No. 20-232<br><br>**FILED UNDER SEAL<br>PURSUANT TO<br>31 U.S.C. § 3730(b)(2)** |

**THE UNITED STATES OF AMERICA'S NOTICE OF ELECTION TO INTERVENE,
IN PART, FOR PURPOSES OF SETTLEMENT AND TO DECLINE TO INTERVENE,
IN PART**

The United States of America, pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(2) and (4), and in accordance with this Court's prior Orders and the Local Rules of this Court, notifies this Court of its decision to intervene in this action, in part, for purposes of effectuating a settlement with Dixon Electric, Inc. ("Dixon") related to certain conduct alleged in the *qui tam* Complaint (as described more fully below), and to decline to intervene, in part, (1) to the remaining allegations in the Complaint and (2) as to two (2) other named Defendants, Joseph B. Fay Co. ("Fay"), and Glenn O. Hawbaker, Inc. ("Hawbaker"), as more fully described below:

　　　　1.　　On November 13, 2020, the International Brotherhood of Electrical Workers, Local Union No. 126 ("Relator") initiated this action by filing a *qui tam* Complaint against Defendants Fay, Hawbaker, and Dixon. In the Complaint, Relator alleges that Dixon – either as a prime contractor or subcontractor for Hawbaker or Fay on certain federally funded construction contracts ("Public Contracts") with the Pennsylvania Department of Transportation ("PennDOT") – failed to pay the appropriate prevailing wage and benefit rate for the trade and type of work that was

performed, pursuant to the Federal-Aid Highway Acts and the incorporated DBRA, 40 U.S.C. § 3141 *et seq.*; 29 C.F.R. Pt. 5, and submitted false payroll certifications in violation of the FCA, 31 U.S.C. §§ 3729-32.

2. On December 13, 2020, Relator served the United States with a copy of the Complaint, along with the "written disclosure" required by 31 U.S.C. § 3730(b)(2).

3. Since then, the United States has engaged its statutorily required investigation of Relator's *qui tam* allegations; requested and received a series of six-month extensions of the seal period to enable it to complete its investigation; obtained a partial lift of the seal, in order to provide a copy of the *qui tam* Complaint to Defendants; and engaged in fruitful settlement discussions with Dixon, through its counsel.

4. In that regard, the United States and Dixon have reached an agreement in principle to settle the claims against Dixon related to certain Public Contracts identified in the Complaint (as described more fully below).

5. Therefore, the United States notifies this Court of its intent to intervene, in part, to finalize its settlement with Dixon under 31 U.S.C. § 3730(c)(3). More specifically, the United States notifies the Court of its intent to intervene as to the claim that Dixon violated the FCA by submitting false payroll certifications related to seven (7) of the ten (10) Public Contracts identified in the Complaint. For various reasons, the United States declines to intervene as to the remainder of the claims against Dixon and as to the claims against named Defendants Fay and Hawbaker.

6. Although the United States declines to intervene in a portion of the action and against the two (2) other named Defendants, Fay and Hawbaker, the United States respectfully refers the Court to 31 U.S.C. § 3730(b)(1), which allows the Relator to maintain the declined portion of the action in the name of the United States. Counsel for the Relator, however, has

indicated to the undersigned Counsel that Relator does not intend to prosecute any of the declined claims. The United States acknowledges this position provided that any dismissal of the declined claims is without prejudice to the United States.[1]

7. In accordance with this notice, and pursuant to 31 U.S.C. § 3730(c)(3), the United States also requests that:

   a. Going forward, all pleadings filed in this action be served upon the United States, and all orders issued by the Court be sent to counsel for the United States;

   b. Relator's Complaint, this Notice, the attached proposed Order, and all future filings in this matter, be unsealed;

   c. All other, previously filed papers in this action remain under seal, because in discussing the content and extent of the United States' investigation, such papers were provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should have been extended.

8. Finally, the United States notes that, to the extent a final settlement agreement is not reached in the next 60 days, the United States reserves its right to file an amended notice of intervention and to file a complaint in intervention in accordance with 31 U.S.C. §§ 3730(b)(5) and (e)(4).

---

[1] Notwithstanding the foregoing, the United States reserves its right to intervene – for good cause and at a later date – in any part of the action that is currently declining. And, to the extent Relator decides to maintain the declined claims, the United States also reserves the right to seek the dismissal of any such claim on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4).

WHEREFORE, the United States respectfully informs this Court of its intent to intervene, in part, in this action, and to assume the prosecution of the case for purposes of effectuating a settlement with Dixon, and its election to decline, in part, as to certain other allegations in the Relator's Complaint related to Dixon and as to two (2) other Defendants, Fay and Hawbaker. The United States further requests that the Court enter the attached proposed Order.

Dated: June 23, 2022                                        Respectfully submitted,

                                                            CINDY K. CHUNG
                                                            United States Attorney


                                                            /s/ Ryan J. Wilk
                                                            RYAN J. WILK (PA ID No. 316696)
                                                            Assistant United States Attorney
                                                            Western District of Pennsylvania
                                                            Joseph F. Weis, Jr. U.S. Courthouse
                                                            700 Grant Street, Suite 4000
                                                            Pittsburgh, PA 15219
                                                            Tel.: (412) 894-7394
                                                            Ryan.wilk@usdoj.gov